IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PERKINS DELAWARE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MF CORNHUSKER MEMBER, LLC and MFP CORNHUSKER PROPERTIES LLC, <br><br> Defendants. | 8:17CV332 <br><br> ORDER |

Perkins Delaware, LLC ("Perkins Delaware") and MF Cornhusker Member, LLC ("MF Cornhusker") are the only members of MFP Cornhusker Properties LLC ("MFP Cornhusker"). They formed MFP Cornhusker in 2013 to operate commercial retail properties in Nebraska and South Dakota and named Perkins Delaware as the manager in MFP Cornhusker's operating agreement ("Operating Agreement"). They now dispute (1) whether Perkins Delaware improperly refinanced some company debt without approval and (2) which of them should manage the company going forward.

Pending before the Court is Perkins Delaware's Statement of Objections (Filing No. 41) to the magistrate judge's[1] Memorandum and Order (Filing No. 40) denying Perkins Delaware's Motion to Compel Arbitration (Filing No. 32) pursuant to Section 4.1(d) of the Operating Agreement. Perkins Delaware moved to compel MF Cornhusker to arbitrate (1) whether a certain refinancing transaction was a "Major Decision" as defined in the Operating Agreement, (2) if so, whether that transaction would have been beneficial to MFP Cornhusker and should have been undertaken, and (3) any "procedural matters related to arbitrability, including whether Perkins [Delaware]'s request for arbitration" was timely. MF Cornhusker opposed the motion.

---

[1] The Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.

On May 6, 2018, the magistrate judge denied the motion to compel, concluding "[t]he claims at issue in this case fail to fit within the scope of the arbitration provision." The magistrate judge reasoned the parties "did not agree to arbitrate whether a certain action constituted a 'major decision,' nor to determine whether an already-made decision was 'reasonable.'" Perkins Delaware objects, arguing the magistrate judge misread and misinterpreted the arbitration clause.

A motion to compel arbitration is not a dispositive matter. *See Wojtalewicz v. Pioneer Hi-Bred Int'l, Inc.*, 944 F. Supp. 2d 715, 721 (D. Neb. 2013). Upon timely objection to a magistrate judge's denial of such a motion, the Court must consider the objection and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

Having carefully reviewed Perkins Delaware's objections and the balance of the record in this case, the Court finds no grounds to set aside or modify the magistrate judge's well-reasoned denial order. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Koch v. Compucredit Corp.*, 543 F.3d 460, 463 (8th Cir. 2008) (quoting *United Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). The Court agrees with the magistrate judge that the subject matter of the parties' dispute does not fall within the narrow scope of the arbitration provision set forth in Section 4.1(d) of the Operating Agreement. Accordingly, Perkins Delaware's objections (Filing No. 41) to the magistrate judge's May 6, 2018, Memorandum and Order (Filing No. 40) denying Perkins Delaware's Motion to Compel Arbitration (Filing No. 32) are overruled, and the magistrate judge's decision is affirmed.

IT IS SO ORDERED.

Dated this 8th day of June, 2018.

BY THE COURT:

*Robert F. Rossiter, Jr.*
Robert F. Rossiter, Jr.
United States District Judge